**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| YOUSSEF SAMUEL YOUSSEF MINA, | ) | |
| Petitioner, | ) ) | |
| v. | ) ) | |
| | ) | No. 2:26-cv-02748-SHL-atc |
| CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orleans Field Office,[1] | ) ) ) ) | |
| Respondent. | ) ) | |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On June 25, 2026, Petitioner Youssef Samuel Youssef Mina filed the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (ECF No. 1.)  He challenges his continued immigration-related detention without a bond hearing as violative of his Fifth Amendment due process rights.  (Id. at PageID 5.)  Petitioner states that he is a Coptic Christian of Egyptian national origin who entered the United States in July 2023.  (Id.)  On June 22, 2026, he was apprehended by immigration officers while attending his "first scheduled" Immigration and Customs Enforcement ("ICE") check-in appointment.  (Id. at PageID 3.)  To date, he has remained in Respondent Christopher Bullock's custody at the West Tennessee Detention Facility (id. at PageID 4), and has not received a bond hearing.  He alleges that the denial of a bond hearing violates his rights and justifies immediate release.  (Id. at PageID 5–6.)

---

[1] The only proper Respondent in this action is Christopher Bullock, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement.  See Rosciszewski v. Adducci, 983 F. Supp. 2d 910, 913–14 (E.D. Mich. 2013) ("[T]he ICE District Director is the proper respondent in a habeas petition brought by an alien, since the District Director has power over such aliens.").  Accordingly, Trinity Minter, Todd Blanche, Brian Acunia, Todd Lyons, and Markwayne Mullin are dismissed from the case.

On May 11, the Sixth Circuit issued the opinion in <u>Lopez-Campos v. Raycraft</u>, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1)     Within **three business days** of the filing of this Order, Petitioner shall deliver a copy of **the Petition and this Order** to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**.

(2)     Within **three business days** after Petitioner complies with the above requirement, Respondent shall respond to the Petition.  If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from <u>Lopez-Campos v. Raycraft</u>, 175 F.4th 713 (6th Cir. 2026), or state why <u>Lopez-Campos</u> otherwise does not apply.  If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3)     Petitioner may file a reply within **three business days** after Respondent's responsive filing.

(4)     Respondent shall not transfer Petitioner out of the West Tennessee Detention Facility during the pendency of this Petition.

**IT IS SO ORDERED,** this 6th day of August, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

2